1 Steven Wayne Bonilla
2 CMF, J-48500, T-203, P.O. Box 2000
3 Vacaville, CA 95696

**LODGED**

JAN 16 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

United States District Court
Eastern District of California

| | |
|---|---|
| In re: to Petitioner | Case No. 2:24-CV-0177 TLN KJN |
| Steven Wayne Bonilla, | FRAUD ON THE COURT |
| Victim of Fraud | FRAUD ON THE PETITIONER |
| Plaintiff, v | PURSUANT TO FEDERAL RULES OF |
| Nevada County | CIVIL PROCEDURE 60(d)(3) IN AN |
| Superior Court | INDEPENDENT ACTION FOR |
| Defendant. | ACCUAL INNOCENCE |

I

Petitioner Steven Wayne Bonilla has notified the court numerous times of the prosecutor committing fraud upon the court, and has submitted verified exhibits, clarifying his allegations to be in fact true. The law is clearly stated in Case Law [80 US 335] - that where there is clearly no jurisdiction over the subject matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, NO EXCUSE IS PERMISSIBLE. Thus, claiming the Petitioner to be a vexatious litigant, or lack of jurisdiction, or no case no., or transferring the suit, or abuse of writ, or frivolous, or he is procedurally barred from filing, are not permissible excuses.

1

EXHIBIT A-1

## II

The following impeaches the court record in violation of Federal Rules of Civil Procedure 60(d)(3) and pursuant to Rule 1916 of Code of Civil Procedure: Prosecutor Jonathan Goodfellow fraudulently misrepresented and committed FRAUD ON THE COURT by fabricating proffered evidence of a federal grand jury subpoena, for the Petitioner records, that he KNEW NEVER EXISTED. By presenting the false fabricated evidence to the jury, he was practicing FRAUD ON THE COURT to obtain the Petitioner's conviction.

The FBI "ADMITTED", under oath, in federal court, under a court order, in Case No. C-02-0636 MHP, that the federal grand jury subpoena for the Petitioner's NEVER EXISTED, nor was it ever served.

The Attorney General's Office in a letter dated August 8, 2012, "ADMITTED" that the federal grand jury subpoena, dated February 19, 1988 was not made a part of the state trial record, which is confirmed by the record itself. Pursuant to Rule 403 of the Evidence Code, the proffered evidence of a subpoena that was not entered on the court docket as an exhibit is inadmissible.

The law is clearly stated in Case Law [99 Cal. App. 2d 523] - that (as here) if the parties admit to facts showing a lack of jurisdiction, it is then established that the judgment is void as effectively as though shown by the record; and whenever such fact is brought to the attention of the court, it is the duty of the court to declare the judgment void for lack of jurisdiction.


## III - Authorities In Law - Legal Claims

1). [28 F. Supp. 462; 148 Cal. App. 845] - A void order or judgment is subject to collaterally attack ANYWHERE, at any time and in any place.

2). [30 Cal. 439] - That fraud vitiates everything, including the judgments and decrees of courts, and that judgments rendered by courts not having jurisdiction, (as here), are null and void.

3). [217 Cal. App. 3d 247, 255; 92 Cal. 47, 52] - A court can not exercise jurisdiction in any instance until after it has aquired it.

4). [549 US 422] - Without subject matter jurisdiction the court can not proceed at all in any cause. The court must first determine that it has jurisdiction before ruling.

5). [35 Cal. 4th 180] - Any judgment or order rentered by a court lacking subject matter jurisdiction is void on its face.

6). [67 FRD 22, 25] - Rule 12(h)(3) of the Federal Rules of Civil Procedure provides:

"Whenever it appears by SUGGESTION of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court should dismiss the action."

The duty devolves upon the court "at any time" the jurisdictional question is presented to proceed no further until that question is determined,... and a party can not be precluded from raising the question by any form of laches, waiver, or estoppel. The Petitioner's motions shows actual proof that fraud on the court was committed by the prosecution with the FBI's and the AG's "ADMISSIONS", that the subpoena NEVER EXISTED. Which is much more than just the SUGGESTION that is required for

-3-

the court to dismiss the action. The FBI's and the AG's "ADMISSIONS" absolutely proves that the prosecutor had to know that he was committing fraud on the court to willfully deprive the Petitioner of his guaranteed constitutional civil rights to due process, equal protection of the law and meaningful access to the court in violation of 18 USC § 241, 242.

7). [505 F.2d 1026] - Once jurisdiction is challenged, the court can not proceed when, (as here), it clearly appears that the court lacks jurisdiction, the court has no authority to reach merit. In such situation the action shall be dismissed.

8). [523 US 83] - A reviewing court must not only have its own jurisdiction, but also that of the court in a cause under review. Which never lawfully acquired jurisdiction.

9) [474 F.2d 215, 219] - Where there is no jurisdiction over the subject matter, (as here), there is, as well, no discretion to to ignore that lack of jurisdiction, pursuant to F.R.Civ.P. 12(h)(3).

10) [27 Cal. 300] - A judgment lacking jurisdiction will be pronounced a nullity, whether it comes directly or collaterally in question; and this is so whether the court be of inferior or superior jurisdiction.

## Relief Sought

[16 F.3d 257] - F.R.Civ.P. 60(b)(4), (d)(3), authorizes the court to grant relief from a void judgment; relief from void judgment is not discretionary.

## Verification

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, pursuant to 28 USC § 1746.

Dated: January 9, 2024          Respectfully Submitted
                                Steven W Brielle